**METS SCHIRO & MCGOVERN, LLP**
555 US Route 1 South, Suite 320
Iselin, New Jersey 08830
Tel. (732) 636-0040
Fax. (732) 636-5705
Attorneys for Plaintiff,
Professional Emergency Medical Services Association
of New Jersey, IAFF Local 4610, PFANJ, IAFF, AFL-CIO

**UNITED STATES DISTRICT COURT**
**DISTRICT OF JERSEY**

| | |
|---|---|
| PROFESSIONAL EMERGENCY MEDICAL SERVICES ASSOCIATION OF NEW JERSEY, IAFF LOCAL 4610, PFANJ, IAFF, AFL-CIO,<br><br>    Plaintiff,<br>v.<br><br>MONMOUTH OCEAN HOSPITAL SERVICES CORPORATION,<br><br>    Defendant. | Civil Action No.<br><br>Civil Action<br><br>**COMPLAINT** |

Plaintiff, Professional Emergency Medical Services Association of New Jersey, IAFF Local 4610, PFANJ, IAFF, AFL-CIO ("PEMSA" or "Plaintiff"), by way of Complaint against Monmouth Ocean Hospital Services Corporation ("MONOC" or "Defendant"), says:

**A.   JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter under Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).

1

2. Venue is proper in the United States District Court for the District of New Jersey pursuant to Section 301(c) of the LMRA, 29 U.S.C. § 185(c), because Defendant maintains its principal office in New Jersey, PEMSA maintains its principal place of business in New Jersey, PEMSA's duly authorized officers or agents are engaged in representing a bargaining unit of MONOC employees in New Jersey, and the claims underlying this matter arose in New Jersey.

**B.   THE PARTIES**

3. PEMSA is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5), and section 301(a) of the LMRA, 29 U.S.C. § 185(a).  PEMSA's address is P.O. Box 8, Toms River, New Jersey 08754.  PEMSA is the exclusive bargaining representative for all full-time, part-time, and *per diem* Emergency Medical Technicians, Paramedics, Critical Care Flight Paramedics, Registered Nurses, Critical Care Flight Nurses, Field Training Officers, Preceptors, Call Takers I, II, and III, and Dispatchers I, II, and III employed by Defendant in New Jersey.

4. Defendant is a non-profit corporation doing business in the State of New Jersey with its principal place of business at 4806 Megill Road, Wall Township, New Jersey 07753.  Defendant is an employer within the meaning of Section 2(2) of the NLRA, 29

U.S.C. § 152(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

### C. THE COLLECTIVE BARGAINING AGREEMENT

5. PEMSA and MONOC are parties to a collective bargaining agreement ("CBA") with a term of July 1, 2015 through December 31, 2018.

6. Article 1(A)(vi) of the CBA establishes that Field Training Officers ("FTOs") are a part of the PEMSA bargaining unit.

7. Article 30(B) of the CBA establishes that the FTO title is a "promotional title."

8. Article 3(A)(v) of the CBA requires that MONOC have "just cause" to demote members of the PEMSA bargaining unit.

9. Article 11 of the CBA establishes the negotiated and agreed upon compensation terms of employment for members of the PEMSA bargaining unit.

10. Article 6(A) of the CBA defines "grievance" as "any controversy over the interpretation, application or alleged violation of the CBA."

11. Article 6(B)(i) of the CBA requires that an authorized representative of PEMSA institute a Step One grievance to begin the grievance process.

12. Article 6(B)(ii) of the CBA establishes that "[i]n the event a satisfactory settlement" of a grievance has not been reached at Step One of the grievance procedure, an authorized

representative may move the grievance to Step Two of the grievance procedure.

13. Article 6(B)(iii) of the CBA establishes that "[i]n the event the grievance has not been settled at Step Two," PEMSA may request non-binding mediation with the New Jersey State Board of Mediation ("NJSBM").

### D. TERMS AND CONDITIONS OF EMPLOYMENT FOR THE FTO POSITION

14. The title of FTO is a promotional position at MONOC.

15. EMTs and Paramedics were interviewed by MONOC and promoted into FTO positions.

16. PEMSA unit members promoted to the FTO title had the primary responsibility of training new MONOC employees and secondarily providing remedial training for current MONOC employees working as EMTs or Paramedics to improve clinical performance and job skills. FTOs further trained EMT and Paramedic student trainees during clinical rounds.

17. This training was accomplished by having trainee employees/student trainees "ride along" with FTOs during FTOs' regular shifts.

18. FTOs were interviewed and selected for promotion based on merit and their records of successful and effective service with MONOC.

19. The PEMSA members working as FTOs received a base pay increase of $0.50 for EMTs and $1.00 for Paramedics per hour when

4

promoted to the FTO title. All subsequent negotiated raises were calculated treating these pay increases as a part of an FTO's base salary.

20. This $0.50 or $1.00 per hour was part of the FTOs' base salary and was paid for all hours worked by FTOs, regardless of whether they were actively performing FTO duties.

21. There were twelve members, including nine (9) Paramedics and three (3) EMTs, of the PEMSA bargaining unit working as FTOs.

22. MONOC also has a "Preceptor" position that is assigned to members of the PEMSA bargaining unit. The FTO title is different from the "Preceptor" assignment at MONOC.

23. MONOC created the Preceptor position to supplement the FTO position to provide backup "ride along" training for EMTs and Paramedics when an FTO was not available. Under these circumstances, the Preceptors performed training for new hires, students, or remedial training in place of the FTOs.

24. Preceptors are compensated with a $1.00 per hour stipend, payable when Preceptors are actively training employees. This additional $1.00 in compensation is not a part of Preceptors' base salary and is not used in calculating negotiated raises for Preceptors.

25. MONOC notified PEMSA that, effective February 14, 2016, it would eliminate the FTO position and remove the $0.50 and $1.00

per hour from the base pay of the twelve (12) PEMSA unit members working as FTOs.

26. MONOC did not demote the FTOs for "just cause" or reduce their salaries for "just cause" as required by the CBA.

### E.  CONTINUATION OF FTO DUTIES

27. MONOC unilaterally demoted the twelve (12) PEMSA unit members from the FTO title and reduced their base salary by $0.50 or $1.00 per hour alleging that it eliminated the FTO title.

28. When MONOC eliminated the FTO position, they notified PEMSA members that new applications for Preceptor positions were being accepted.

29. However, MONOC continued to assign FTO duties to the demoted FTOs, but did not reinstate their pay.

30. On April 12, 2016, Mary Daley, the President of PEMSA ("President Daley"), notified MONOC's President and CEO, Vince Robbins, and Vice President of Administration, Stacy Quagliana, that the demoted FTOs continue to perform FTO duties as required and demanded the reinstatement of the unilaterally eliminated $0.50 or $1.00 per hour from their base pays.

31. Following this intervention by PEMSA, MONOC paid demoted FTOs for FTO duties performed on a per hour basis as if the demoted FTOs had been Preceptors.

6

32. Despite continuing the FTO function, MONOC has refused to reinstate the FTOs and refused to reinstate the $0.50 or $1.00 per hour that was unilaterally removed from their base pay.

**F.   EXHAUSTION OF ADMINISTRATIVE REMEDIES**

33. On March 7, 2016, PEMSA filed a Step One grievance challenging MONOC's demotion of the 12 PEMSA members working as FTOs and the unilateral reduction of their base salary by $0.50 or $1.00 per hour.

34. MONOC denied PEMSA's Step One grievance.

35. On March 30, 2016, PEMSA filed a Step Two grievance challenging MONOC's unilateral demotion of the 12 PEMSA members working as FTOs and the unilateral reduction of these members' base salary by $0.50 or $1.00 per hour.

36. MONOC denied PEMSA's Step Two grievance.

37. On May 24, 2016, PEMSA moved the grievance to Step Three (the final step) of the grievance procedure by filing for non-binding mediation with NJSBM.

38. Mediation sessions were convened on December 20, 2016 and August 16, 2017 at the NJSBM before Mediator Ernest Whelan.

39. At the August 16, 2017 mediation session, PEMSA made numerous proposals to MONOC to settle the grievance. One of those proposals was for MONOC to submit the matter to binding arbitration for resolution.

40. MONOC adjourned the meeting to consider PEMSA's proposed settlement offers.

41. On August 24, 2017 MONOC notified Mediator Whelan that it would not accept PEMSA's proposal to resolve this dispute through binding arbitration and adding that "there does not appear to be room for any further movement by MONOC in this matter."

42. On September 28, 2017, Mediator Whelan issued a written recommendation to the parties.

43. This recommendation established that both PEMSA and MONOC had presented evidence, testimony, and arguments regarding their positions on this dispute.

44. The recommendation further established that MONOC:

> [H]as adamantly refused to entertain any attempt to reinstate the $1.00 per hour to the FTOs and strongly feels that the elimination of the FTO position is contractually acceptable under their Management Rights clause.

45. Based on the parties' respective presentations during mediation, Mediator Whelan made four (4) recommendations:

> A. All previous FTOs will be "made" Preceptors immediately and will receive the applicable rate of pay for that position and will only receive the additional $1.00 per hour when they do training and other qualifying duties.
>
> B. Effective January 1, 2018, all Paramedics that were previously FTOs will have their base pay compensation increased by $1.00 per hour for the duration of the Collective Bargaining Agreement.

8

  C. There will be no retroactive compensation to any one previously classified as a FTO.

  D. During the upcoming contract negotiations, it is agreed that the "Parties" will address and discuss these issues in an earnest effort to clarify and rectify any outstanding issues regarding the elimination of the FTOs and responsibilities of the Preceptors.

46. On October 5, 2017, MONOC advised PEMSA via e-mail that it would not accept Mediator Whelan's recommendations.

### G. MONOC'S VIOLATIONS OF THE CBA

47. MONOC contends that it eliminated the FTO title when in fact, the FTO functions continued.

48. As such, MONOC's claim that it eliminated the FTO position is a subterfuge for a demotion without just cause and unilateral reduction of the FTOs' base pay by $0.50 or $1.00 per hour.

49. Article 3 of the parties' CBA requires MONOC to have "just cause" to demote a PEMSA unit member.

50. Article 30(B) of the CBA establishes that the FTO title is a "promotional title."

51. MONOC did not have "just cause" to demote the PEMSA unit members who held the FTO titles.

52. Instead, MONOC continued to assign the FTO functions to the demoted members without reinstating their $0.50 or $1.00 per hour pay reduction.

53. By demoting the FTOs without "just cause" and reducing their salaries, Defendant has violated Article 3 and Article 11 of the CBA.

## COUNT ONE

54. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 53 of the Complaint as if fully set forth herein.

55. Article 3 of the CBA between PEMSA and MONOC creates a contractual obligation for MONOC to have "just cause" to demote members of the PEMSA bargaining unit.

56. The demotions of the 12 PEMSA members holding the title of FTO were not for just cause.

57. By demoting these bargaining unit members and reducing their base pay without just cause, MONOC has violated the CBA between it and PEMSA.

58. By unilaterally reducing the salaries of the demoted FTOs and while they continue to perform FTO duties, MONOC has violated the CBA, including but not limited to Article 3 and 11 between it and PEMSA.

**WHEREFORE,** PEMSA requests that this Court enter an Order:

A. Finding that MONOC has violated the "just cause" requirement contained in Article 3 of the parties' CBA by demoting the FTOs and thereby breached the parties' CBA;

B. Finding that MONOC has unilaterally reduced base salary by $0.50 and $1.00 per hour for the 12 PEMSA unit members who were FTOs in violation of Article 11 of the parties CBA and thereby breached the parties' CBA;

C. Overturning MONOC's demotion of each of the 12 PEMSA bargaining unit members who were FTOs;

D. Reinstating each of the aforementioned bargaining unit members to their FTO positions;

E. Restoring the base salaries of the aforementioned bargaining unit members effective and retroactive to the date of their unjust demotions;

F. Granting back pay and other emoluments of employment to each of the aforementioned bargaining unit members who suffered a loss of wages because of MONOC's unilateral reduction of their base salary;

G. Retaining jurisdiction of this case pending MONOC's compliance with the Court's orders; and,

H. Any and all further relief as this Court deems, just, equitable and proper.

Respectfully submitted,

**METS SCHIRO & MCGOVERN, LLP**
Attorneys for Professional Emergency Medical Services Association of New Jersey, IAFF LOCAL 4610, PFANJ, IAFF, AFL-CIO

By: /s/ James M. Mets
JAMES M. METS, ESQ.
A Member of the Firm

Dated:   November 15, 2017